OPINION
{¶ 1} Appellants, Doris A. Shupe, and Director, Ohio Department of Job and Family Services ("ODJFS"), appeal from a judgment of the Franklin County Court of Common Pleas, which reversed a decision of the Unemployment Compensation Review Commission ("review commission"), affirming a determination by the director of ODJFS that Shupe was discharged from her employment without just cause.
 {¶ 2} On August 30, 2001, appellee, I-70 310 Auto Care, discharged Shupe from her position as a cashier. On September 19, 2001, Shupe filed an application with ODJFS for determination of benefit rights, which was subsequently allowed. On October 25, 2001, appellee filed an appeal from the determination of benefits. On November 1, 2001, ODJFS issued a director's redetermination, affirming the prior determination. Appellee appealed the director's determination, and ODJFS transferred jurisdiction of the matter to the review commission.
 {¶ 3} On January 15, 2002, a hearing was held before a hearing officer of the review commission. A decision was mailed on January 29, 2002, affirming the director's redetermination. Appellee filed a request for review of the decision, and on March 21, 2001, the review commission issued a decision disallowing the request for review.
 {¶ 4} Appellee filed a notice of appeal with the trial court from the review commission's decision. On August 29, 2002, ODJFS requested that the court issue an order remanding the matter to the commission for a de novo hearing. In the memorandum in support, ODJFS asserted that, "[d]espite due diligence, the Review Commission cannot transcribe the audio tape of the evidentiary hearing which took place before the Review Commission. An outside transcription service has lost the tape of the hearing. Thus, there is no record upon which the Court can base its decision as required by R.C. 4141.282(H)."
 {¶ 5} The trial court filed an entry on September 19, 2002, addressing the review commission's inability to produce a transcript of the hearing because "the outside transcription service has lost the tape of the hearing." The court's entry held in part: "Following a discussion of the situation at the status conference, including the expense to the parties, the Court ordered them to draft an agreed stipulation of facts in lieu of the lost record."
 {¶ 6} On January 27, 2003, an "agreed statement of facts" was filed with the trial court. Counsel for Shupe and appellee signed the statement, but counsel for ODJFS declined to sign. The trial court filed a decision on April 25, 2003, reversing the decision of the agency, finding that it was "unlawful, unreasonable, and against the manifest weight of the evidence."
 {¶ 7} Appellant Shupe has appealed, setting forth the following single assignment of error for review:
The Common Pleas Court committed error by redetermining the facts of the case and substituting its own judgment for that of the administrative agency, and thereupon reversing the reasonable determination of the administrative agency.
 {¶ 8} ODJFS has also appealed, asserting the following single assignment of error:
The lower court erred by reversing the decision of the Review Commission where the Court had no certified record upon which to base such a decision.
 {¶ 9} We will initially address the assignment of error raised by ODJFS, in which it is asserted that the trial court erred in reversing the decision of the review commission in the absence of a certified record.
 {¶ 10} In Roberts v. Hayes, Summit App. No. 21550, 2003-Ohio-5903, at ¶ 9, 11 and 12, the court discussed the standard of review in an appeal from a decision of the review commission, holding in relevant part:
An interested party may appeal the review commission's decision on rehearing to the common pleas court of the county where the party is a resident or was last employed, pursuant to R.C. 4141.282(A)-(B). * * * The court is only to reverse, vacate, modify, or remand the decision to the review commission if the court finds that the decision "was unlawful, unreasonable, or against the manifest weight of the evidence[.]" R.C. 4141.282(H). Otherwise, the court is required to affirm the review commission's decision. Id.
* * *
When reviewing a decision of the review commission regarding eligibility for unemployment compensation benefits, an appellate court is bound by the same limited scope of review as that required of the common pleas courts. * * * Thus, an appellate court may only reverse an unemployment compensation eligibility decision by the review commission if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. * * * Also, this Court is required to focus on the decision of the review commission in such cases, rather than the decision of the common pleas court. * * *
When reviewing a decision of the review commission, common pleas and appellate courts are precluded from making factual findings; the resolution of factual questions is chiefly within the review commissions' scope of review. * * * Rather, the courts' role is to determine whether the decision of the review commission is supported by evidence in the certified record. * * *
(Citations omitted.)
 {¶ 11} R.C. 4141.282(F) provides that the review commission, "within forty-five days after a notice of appeal is filed, shall file with the clerk a certified transcript of the record of the proceedings at issue before the commission." R.C. 4141.282(H) addresses "review by the court of common pleas," and states as follows:
The court shall hear the appeal upon receipt of the certified record provided by the commission. If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission.
 {¶ 12} In the present case, there is no dispute that a certified transcript of the record of proceedings before the review commission was unavailable, apparently because it was lost by the transcribing service. The trial court, expressing concern about "the expense to the parties," ordered that the parties stipulate to agreed facts. As noted, while counsel for appellee and appellant Shupe signed the agreed statement of facts, counsel for ODJFS declined to sign.
 {¶ 13} None of the parties in this case have cited any authority for the proposition that the requirements of R.C. 4141.282 may be satisfied by a stipulation, in lieu of the certified transcript, nor is this court aware of any cases in which a stipulation of agreed facts was permitted as a substitute for the certified transcript. Language from other appellate decisions suggests that the requirement of a certified transcript is to be strictly applied. See Gen. Motors Corp. v. Sanders
(June 28, 1985), Butler App. No. CA84-02-022 (construing the requirement for a certified transcript under former R.C. 4141.28(O) to find "there is no provision by which either party may supplement the record as certified by the board"); Soltesz v. Diversitec Image Technology, Inc. (Mar. 31, 1995), Lucas App. No. L-94-085 (where board failed to certify a complete record as required under R.C. 4141.28(O)(1), "the trial court could not have determined the manifest weight issue"); Bell v. Admr., Ohio Bur. ofEmployment Services (Sept. 30, 1985), Butler App. No. CA85-01-002 ("The court is bound to hear the appeal upon the record certified by the board"); Corcoran v. Admr., Ohio Bur. of Employment Services (Nov. 20, 1985), Hamilton App. No. C-850019 (action may be taken only on the basis of what appears in the record certified by the agency, and where record is not made available for review, "court is not empowered ipso facto to resolve the dispute in a summary fashion, either by default judgment or by some other device such as judgment on the pleadings").
 {¶ 14} The rationale for strict adherence to the requirement for a certified transcript appears to be primarily based upon the fact that review by the trial court is not de novo; rather, "[t]he role of the court of common pleas, upon an appeal based on factual grounds, is limited to determining whether the board's decision is supported by evidence in the record," and "[w]ithout such record, there is nothing upon which to base a ruling that the administrative agency order was unlawful or unreasonable or against the manifest weight of the evidence."Powell v. Admr., Ohio Bur. of Employment Services (Oct. 31, 1984), Lorain App. No. 3661 (finding that where "there was no transcript of a record of proceedings for the trial court to review * * * the statutory determination could not be made").
 {¶ 15} While the filing of an "agreed statement of facts" in lieu of a certified transcript appears to be contrary to the requirements of the statute, even assuming there may be circumstances in which such a stipulation would be proper, we find that it was error for the trial court to permit a stipulation in the instant case. Here, an interested party, ODJFS, was not present at the review commission hearing, and thus the agency was not in a position to know whether the agreed facts were accurate or complete. Further, ODJFS preserved this issue by filing a motion seeking a remand for a de novo hearing. Under these facts, we find that the appropriate course for the trial court was to remand the matter to the review commission, as authorized under R.C. 4141.282(H). Therefore, the trial court is directed to remand this matter and, assuming the review commission is still unable to provide a certified transcript of the hearing conducted on January 15, 2002, to order that agency to conduct a new hearing in order for the trial court to have a transcript of that hearing for review.
 {¶ 16} Accordingly, the assignment of error of ODJFS is sustained.
 {¶ 17} In light of our disposition of the above assignment of error, the issue raised under appellant Shupe's assignment of error is rendered moot. Based upon the foregoing, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
Bryant and Klatt, JJ., Concur.