DECISION
{¶ 1} Plaintiff-appellant, Robin A. Gilbert, appeals the trial court's judgment of November 26, 2003, affirming the determination by defendant-appellee Ohio Department of Job and Family Services ("ODJFS"), based on a decision of the Ohio Unemployment Compensation Review Commission ("Commission"), that Gilbert was ineligible for unemployment-compensation benefits because she was not available for and actively seeking suitable employment pursuant to R.C. 4141.29(A)(4)(a). For the following reasons, we reverse the trial court's judgment.
 {¶ 2} Gilbert was employed by Super Food Services ("SFS") solely as a part-time employee from August 2000 through January 17, 2002. SFS decided to change the part-time position to a full-time position and informed Gilbert of this decision. SFS offered the full-time position to Gilbert. Gilbert had worked on a part-time basis because of her responsibilities for a special-needs child.[1] Gilbert informed SFS that she was unavailable to accept the full-time position because of her special child-care responsibilities.
 {¶ 3} In the Commission's two-part decision, it first concluded that Gilbert was not disqualified from receiving benefits because SFS, having converted her part-time position to a full-time position, in effect eliminated Gilbert's position and replaced it with a different position. Thus, no disqualification would result from a separation due to a lack of work. But, in the second part of its decision, the Commission concluded that Gilbert was ineligible for unemployment-compensation benefits because she was not seeking full-time work because of her child-care responsibilities, and it, accordingly, denied her claim for benefits for the week ending January 26, 2002. Subsequently, Gilbert filed a request for further review by the Commission, which was denied. Gilbert then filed an appeal in the Hamilton County Court of Common Pleas. The trial court's decision of November 26, 2003, stated that "after due consideration of the certified record of the Review Commission, the legal briefs filed by the parties, and the applicable legal authority, the Court hereby finds that the decision of the Review Commission in this case was not unlawful, unreasonable or against the manifest weight of the evidence pursuant to R.C. 4141.282(H)." The court accordingly affirmed the denial of unemployment benefits to Gilbert pursuant to R.C. 4141.29(A)(4)(a).
 {¶ 4} Our review of an appeal from the Commission's decision is identical to that of the trial court.[2] We must affirm the Commission's decision unless we determine that the decision is unlawful, unreasonable, or against the manifest weight of the evidence.[3] An appellate court may not make independent factual findings or determine the credibility of the witnesses, but it does have a duty to determine whether the Commission's decision is supported by the evidence in the record.[4]
 {¶ 5} The purpose of the Unemployment Compensation Act is "to ameliorate the burdens on employees suffering from involuntary unemployment and to provide short-term financial relief."[5] To be eligible for unemployment benefits, the claimant must be "able to work and available for suitable work."[6] We acknowledge that we have been unable to find any Ohio decisions that are factually on point with the case sub judice. But none of the decisions cited by ODJFS support its view that a part-time employee like Gilbert who has atypical child-care issues for a special-needs child, and who has been separated from her employment, must be available for and seeking permanent full-time employment before being eligible for unemployment compensation. The record shows that Gilbert's work history had been to work part-time, not to maintain some more desirable lifestyle[7] or to avoid permanent work, but for the laudable purpose of providing care for a four-year-old child with special needs. In this extraordinary situation, suitable work for Gilbert was part-time work at the time she applied for unemployment benefits after the elimination of her part-time position. R.C. 4141.46 mandates that the Unemployment Compensation Act be liberally construed. And the courts of this state have confirmed that the Act is to be liberally construed in favor of the person seeking benefits.[8]
 {¶ 6} On this record, in the absence of legal precedent holding an individual in Gilbert's extraordinary circumstances ineligible for benefits, and in light of the statutory language requiring a claimant to be "able to work and available for suitable work," we hold that the trial court's determination upholding the denial of unemployment benefits to Gilbert, pursuant to R.C. 4141.29(A)(4)(a), was unlawful, unreasonable, and against the manifest weight of the evidence.
 {¶ 7} Accordingly, we reverse the trial court's judgment and remand this case for further proceedings consistent with law and this decision.
Judgment reversed and cause remanded.
Doan and Gorman, JJ., concur.
[1] In a telephone hearing conducted on September 9, 2002, Gilbert stated that her four-year-old daughter suffered from polycycstic kidney disease.
[2] See Tzangas, Plakas Mannos v. Admr., Ohio Bur. of Emp.Servs., 73 Ohio St.3d 694, 696, 1995-Ohio-206, 653 N.E.2d 1207.
[3] See id.; R.C. 4141.282(H), formerly R.C. 4141.28(N).
[4] See Tzangas at 696, 1995-Ohio-206, 653 N.E.2d 1207.
[5] See Abate v. Wheeling-Pittsburgh Steel Corp. (1998),126 Ohio App.3d 742, 748, 711 N.E.2d 299.
[6] See R.C. 4141.29(A)(4)(a).
[7] See State ex rel. Baker Concrete Constr., Inc. v. Indus.Comm., 102 Ohio St.3d 149, 151, 2004-Ohio-2114, 807 N.E.2d 347, at ¶ 18.
[8] See Abate at 748, 711 N.E.2d 299; Roberts v. Hayes, 9th Dist. No. 21550, 2003-Ohio-5903, at ¶ 20.