[Cite as *Greenville Fed. v. Obringer*, 2013-Ohio-3286.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## DARKE COUNTY

GREENVILLE FEDERAL

      Plaintiff-Appellee

v.

RENEE E. OBRINGER, et al.

      Defendant-Appellant


Appellate Case No.    2012-CA-7

Trial Court Case No.   2012-CV-00333

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 26th day of July, 2013.

. . . . . . . . . . .

MARK E. HEGGIE, Atty. Reg. No. 0015441, 100 Washington Avenue, Greenville, Ohio 45331
     Attorney for Plaintiff-Appellee

DAVID M. DUWEL, Atty. Reg. No. 0029583, 130 West Second Street, Suite 2101, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}     Appellant, Renee E. Obringer, appeals from a judgment of the trial court reversing the decision of the Unemployment Review Commission regarding her application for unemployment compensation benefits.   The Commission concluded in its decision that Obringer was entitled to benefits because Appellee, Greenville Federal, terminated Obringer's employment without just cause.   Obringer contends that the record supports the Commission's decision, and that the decision is not unlawful, unreasonable, or against the manifest weight of the evidence.

{¶ 2}     We conclude that the record does not support the Commission's decision. Greenville Federal had just cause to terminate Obringer because she failed to submit a doctor's excuse for an unscheduled absence, which was an express requirement of her continued employment.   The Commission's decision was, therefore, unreasonable.   Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

{¶ 3}     Appellant, Renee E. Obringer, had been employed as an accounting clerk for the Appellee, Greenville Federal, (Greenville) for approximately seven years, until her employment was terminated on December 22, 2011.   Obringer was terminated on grounds of excessive absence and her failure to submit a doctor's excuse for an unscheduled absence.   Following her termination, Obringer applied with the Ohio Department of Job and Family Services, (ODJFS) for unemployment compensation benefits.   On January 20, 2012, her application was disallowed.  Obringer requested a redetermination by ODJFS, and on February 24, 2012, the disallowance was affirmed.

**{¶ 4}** On February 28, 2012, Obringer appealed the redetermination, and ODJFS transferred jurisdiction to the State of Ohio Unemployment Compensation Review Commission (the Commission). Hearings were held on March 21, 2012, and April 18, 2012, before the Commission's hearing officer, who heard testimony from Obringer and her supervisors at Greenville. On April 19, 2012, the Commission reversed ODJFS's disallowance on grounds that Obringer had been discharged without just cause. The Commission based its decision on the following facts.

**{¶ 5}** Obringer began her employment with Greenville on August 9, 2004. On July 9, 2010, Obringer received her first written warning from her supervisor at Greenville due to an unscheduled absence. She was given the warning because she failed to return to work after going home for lunch. Later, in June 2011, Obringer underwent surgery and took six weeks of medical leave. Obringer's physician did not permit her to return to work until the end of July 2011. Following her return, Obringer was absent six times between August 2011 and September 2011. Obringer claimed that she was absent due to surgery-related pain. On September 30, 2011, Obringer received a second written warning stating that she would need to submit a doctor's note for any future unscheduled absences, or she would be terminated.

**{¶ 6}** After the warning, Obringer called in sick on November 14, 2011, due to a surgery-related illness. Obringer's supervisor asked her for a doctor's note, and Obringer explained that she did not have a note because her doctor's appointment was scheduled to occur a few days later. As a result, Obringer's supervisor excused her from submitting the doctor's note. The Commission found that Obrigner obtained a medical excuse for the November 14th absence; however Obringer specifically testified that she never provided a doctor's note.

Hearing Transcript (Apr. 18, 2012), p. 6, ln. 16-17.

{¶ 7} On December 20, 2011, Obringer called in sick due to flu-related symptoms. Obringer did not see a physician, and she returned to work the next day. When Obringer's supervisor asked for a doctor's note, Obringer refused, as she thought it was unreasonable for her to be required to submit a doctor's note for missing one day of work. Obringer's employment was subsequently terminated for excessive absenteeism and failure to submit a medical excuse.

{¶ 8} Despite finding that Obringer "used poor judgment in failing to obtain a medical excuse," the Commission concluded that Obringer was terminated without just cause. State of Ohio Unemployment Compensation Review Commission Decision (Apr. 19, 2011), pp. 4-5. The Commission concluded this because: (1) Obringer was absent due to either surgery-related pain or illness; (2) Obringer reasonably believed that a medical excuse was not required for her absence of December 20, 2011; and (3) Obringer was not excessively absent nor was she guilty of fault or misconduct warranting disqualification for unemployment benefits.

{¶ 9} On May 29, 2012, Greenville appealed the Commission's decision to the Darke County Court of Common Pleas. Greenville argued that the Commission's decision was unlawful, unreasonable, and against the manifest weight of the evidence. Each party submitted briefs in support of its position, and the trial court found that there was just cause for discharge based on Obringer's failure to comply with an express requirement of her continued employment.

{¶ 10} Obringer appeals from the judgment of the trial court.

## II. Did the Trial Court Err When it Reversed the Commission's Decision?

{¶ 11} Obringer states the following as her sole assignment of error:

The Trial Court Erred When it Reversed the Decision of the Review Commission, Because Said Decision Was Not Unlawful, Unreasonable or Against the Manifest Weight of the Evidence.

**{¶ 12}** Under this assignment of error, Obringer contends that the facts in the record support the Commission's decision finding that she was terminated without just cause. Specifically, Obringer claims that the Commission correctly determined that she missed work for legitimate reasons relating to her surgery and illness. She also claims that the record does not establish that she was sufficiently at fault for not obtaining a doctor's note.

## A. Standard of Review

**{¶ 13}** When reviewing a decision of the Commission regarding eligibility for unemployment compensation benefits, an appellate court has a limited scope of review. (Citation omitted.) *Clark v. Ohio Dept. of Job & Family Servs.*, 2d Dist. Montgomery No. 25257, 2012-Ohio-5311, ¶ 6. An appellate court is required to focus on the decision of the Commission, rather than the decision of the trial court. (Citation omitted.) *Roberts v. Hayes*, 9th Dist. Summit No. 21550, 2003-Ohio-5903, ¶ 11. " 'All reviewing courts, including common pleas, courts of appeal, and the Supreme Court of Ohio, have the same review power and cannot make factual findings or determine witness credibility. * * * However, these courts "do have the duty to determine whether the board's decision is supported by evidence in the record." ' " *Clark* at ¶ 6, quoting *Silkert v. Ohio Dept. of Job & Family Services*, 184 Ohio App.3d 78, 2009-Ohio-4399, 919 N.E.2d 783, ¶ 26 (2d. Dist.). (Other citation omitted.)

**{¶ 14}** " 'An appellate court may reverse the Unemployment Compensation Board of

Review's "just cause" determination only if it is unlawful, unreasonable or against the manifest weight of the evidence.' " *Id.,* quoting *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.*, 73 Ohio St.3d 694, 695, 653 N.E.2d 1207 (1995), paragraph one of the syllabus. "[T]he courts should reverse an agency's ruling which reaches an unreasonable conclusion from essentially undisputed evidence at the administrative hearing." (Citation omitted.) *Opara v. Carnegie Textile Co.*, 26 Ohio App.3d 103, 105, 498 N.E.2d 485 (8th Dist. 1985).

## B. Was Appellant Discharged Without Just Cause?

**{¶ 15}** The Commission concluded that Greenville terminated Obringer's employment without just cause. "[J]ust cause is conduct which an ordinarily intelligent person would regard as a justifiable reason for discharging an employee." (Citations omitted.) *Gem City Eng. Co. v. Admr., Ohio Bur. of Emp. Serv.*, 2d Dist. Montgomery No. 11412, 1989 WL 65313, *3 (June 7, 1989), quoting *Sellers v. Bd. of Review*, 1 Ohio App.3d 161, 164, 440 N.E.2d 550 (10th Dist. 1981). " 'In order to have just cause for discharge, pursuant to R.C. 4141.29, there must be some fault on the part of the employee involved, in the absence of some overwhelming contractual provision.' " *Id.* " 'Just cause for discharge may be established by proof that the employee violated a specific company rule or policy, * * * so long as the policy was fair and fairly applied.' " *Caserta v. Ohio Job & Family Servs.*, 2d Dist. Greene No. 2011-CA-63, 2012-Ohio-5097, ¶ 16, quoting *Jones v. Bd. of Review*, 10th Dist. Franklin No. 93AP-430, 1993 WL 393908, *3 (Sept. 28, 1993).

**{¶ 16}** In this case, the Commission found there was no just cause for discharge because: (1) Obringer was absent due to surgery-related pain or illness; (2) Obringer reasonably

believed that a medical excuse was not required for her absence of December 20, 2011; and (3) Obringer was not either excessively absent or guilty of fault or misconduct warranting disqualification for unemployment benefits.

{¶ 17} The record supports the Commission's finding that Obringer was absent due to surgery-related pain or illness. While Obringer's supervisor testified that she suspected Obringer was taking off work for other reasons, the supervisor provided no evidence indicating that her suspicion was correct. Obringer testified that her unscheduled absences were due to pain from her surgery or illness, and the Commission properly relied on her testimony. As a court of limited review, we are required to defer to the Commission for witness credibility determinations. Because there is no evidence refuting Obringer's testimony, the Commission's finding is supported by the record and reasonable.

{¶ 18} The record, however, is devoid of evidence establishing that Obringer reasonably believed that a doctor's note was not required for her absence of December 20, 2011. Obringer claims that she believed a note was not required, because one was not required for her absence of November 14, 2011. However, the record establishes that on September 30, 2011, Obringer received a written warning stating that she needed to submit a doctor's note for any future unscheduled absences, or she would be terminated.

{¶ 19} After Obringer's absence of November 14th, her supervisor requested a doctor's note pursuant to the warning. Obringer returned to work the next day, and explained that she did not have a note because her doctor's appointment was scheduled a few days later. As a result of this explanation, the supervisor excused Obringer from submitting a note. There is nothing in the record establishing that the November 14th excuse rendered the doctor's note policy

ineffective. Additionally, Obringer never testified that she thought a doctor's note was no longer required. When the hearing officer asked her whether she believed she still needed to provide a doctor's note for absences occurring after November 14th, Obringer only stated that she "did not even think about it." Hearing Transcript (Apr. 18, 2012), p. 8, ln.1-3.

{¶ 20} Furthermore, the emails exchanged between Obringer and her supervisor regarding her December 20, 2011 absence, do not indicate that Obringer was under the impression that a doctor's note was not required. In response to her supervisor's e-mail requesting a doctor's excuse, Obringer stated that she did not go to the doctor since she only missed one day. Email No. 23 (Dec. 21, 2011). When asked again for a doctor's note, Obringer argued that she did not have a note because she does not go to the doctor every time she gets sick. Email No. 24 (Dec. 22, 2011). She further argued that the note requirement was unreasonable and unfair, and that she would not be providing one. *Id.* Obringer never claimed to believe that a doctor's note was no longer required. Accordingly, the Commission's finding that Obringer reasonably believed that a doctor's note was not required is unreasonable.

{¶ 21} The Commission's finding that Obringer was not guilty of fault or misconduct is also unreasonable. Pursuant to the September 30th warning, Obringer was required to provide a doctor's note for any unscheduled absences, or she would be terminated. After her absence of December 20, 2011, Obringer did not provide a doctor's note. She was given the opportunity to submit a note, but blatantly refused. The Commission specifically stated in its decision that Obringer "used poor judgment in failing to obtain a medical excuse." State of Ohio Unemployment Compensation Review Commission Decision (Apr. 19, 2011) pp. 4-5. Therefore, according to the record, Obringer was guilty of fault or misconduct for failing to

follow a requirement that was a condition of her employment.

{¶ 22} Obringer's failure to submit a doctor's note qualifies as just cause for termination because she was at fault for failing to follow a fair company policy. The requirement of a doctor's note was put in place due to Obringer's large number of absences in 2011. This was a fair way for Greenville to ensure that Obringer was missing work due to illness. The policy was also fairly applied, as Obringer was given formal written notice of the policy, and was given a second chance to comply. Obringer, however, refused to comply with the policy. An ordinarily intelligent person would regard such refusal as a justifiable reason for terminating an employee. Accordingly, Greenville had just cause for terminating Obringer's employment.

{¶ 23} For the foregoing reasons, the Commission's decision finding that Obringer was terminated without just cause is unreasonable. Obringer's sole assignment of error is overruled.

### III.   Conclusion

{¶ 24} Having overruled Obringer's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Mark E. Heggie
David M. Duwel
Hon. Jonathan P. Hein