DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, James Markovich, appeals the decision of the Summit County Court of Common Pleas, which affirmed the decision of the Unemployment Compensation Review Commission finding appellant was discharged for just cause and denying him unemployment compensation. This Court affirms.
 I. {¶ 2} Appellant was hired by JB Hunt Transportation ("JB Hunt") as an over-the-road truck driver in February of 2002. Before beginning employment, appellant was required to pass a company driving test and review JB Hunt's written company guidelines. In November of 2002, appellant was involved in a motor vehicle accident while backing his trailer truck out in Paris, Texas. Appellant was cited for unsafe backing in the accident and JB Hunt received insurance claims in the amount of around $15,000 from the driver of the other vehicle. JB Hunt's safety department investigated appellant's accident and determined that it was a "major preventable accident" involving company cost over $10,000. Following its company disciplinary policy, JB Hunt reviewed its findings with appellant and terminated him in November of 2002.
 {¶ 3} Appellant filed an application for determination of unemployment compensation benefits with the Ohio Department of Job and Family Services ("the Department") in December of 2002. The Department's initial determination found appellant was discharged without just cause and it allowed him to receive unemployment compensation benefits. JB Hunt appealed the initial determination and the Department issued a re-determination in which it affirmed its initial allowance of benefits to appellant.
 {¶ 4} JB Hunt then filed an appeal of the re-determination and the case was transferred to the Unemployment Compensation Review Commission ("UCRC"). A hearing on the appeal was held, in which appellant did not appear, in April of 2003. After considering all the evidence and credibility of the witnesses in the record, the UCRC issued its decision reversing the re-determination and finding appellant was discharged for just cause. Appellant then filed a request for another hearing and the UCRC denied his request. Appellant appealed the case to the Summit County Court of Common Pleas, listing Employers Unity, Inc., JB Hunt Transportation, and the Director for the Ohio Department of Job and Family Services as appellees. The trial court affirmed the UCRC's decision on October 24, 2003.
 {¶ 5} Appellant timely appealed the trial court's judgment order, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The UCRC hearing and decision finding that the appellant was terminated for `just cause' as affirmed by the court below was unlawful, unreasonable, and against the manifest weight of the evidence."
 SECOND ASSIGNMENT OF ERROR
"The appellant's termination was not for just or reasonable cause."
 {¶ 6} In his first and second assignments of error, appellant argues he was not terminated for just cause and, therefore, the decision of the UCRC finding appellant was terminated for just cause was unlawful, unreasonable, and against the manifest weight of the evidence. This Court disagrees.
 {¶ 7} R.C. 4141.29(D)(2)(a) prohibits the payment of unemployment compensation if the employee "has been discharged for just cause in connection with his work." This Court has defined just cause and the role it plays in R.C. 4141.29
determinations as follows:
"`"Just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."' (Emphasis added.) Tzangas,Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 697, 653 N.E.2d 1207, quoting Irvine v. State, UnemploymentComp. Bd. of Rev. (1985), 19 Ohio St.3d 15, 17, 482 N.E.2d 587. It is important to distinguish between just cause for discharge in the context of unemployment compensation and in other contexts. An employer may justifiably discharge an employee without incurring liability for wrongful discharge, but that same employee may be entitled to unemployment compensation benefits. See Adams v. Harding Machine Co. (1989), 56 Ohio App.3d 150,155, 565 N.E.2d 858. This is so because just cause, under the Unemployment Compensation Act, is predicated upon employee fault.Tzangas, 73 Ohio St.3d at 698; Adams, 56 Ohio App.3d at 155. We are, therefore, unconcerned with the motivation or correctness of the decision to discharge. Friedman v. Physicians andSurgeons Ambulance Serv. (Jan. 6, 1982), Summit App. No. 10287, unreported at 6. The Act protects those employees who cannot control the situation that leads to their separation from employment. See Tzangas, 73 Ohio St.3d at 697." Durgan v. OhioBur. of Emp. Serv. (1996), 110 Ohio App.3d 545, 549-550.
 {¶ 8} Consistent with that purpose, courts have repeatedly held that a discharge is considered for just cause where an employee's conduct demonstrates some degree of fault, such as behavior that displays an unreasonable disregard for his employer's best interests. Tzangas, 73 Ohio St.3d at paragraph two of the syllabus; Kiikka v. Admr., Ohio Bur. of Emp. Serv.
(1985), 21 Ohio App.3d 168, paragraph two of the syllabus;Sellers v. Bd. of Rev. (1981), 1 Ohio App.3d 161, paragraph two of the syllabus. The Ohio Supreme Court has specifically held:
"When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination." Tzangas,73 Ohio St.3d at 697-698.
 {¶ 9} The Ohio Supreme Court has further stated that the employee has the burden to prove his entitlement to unemployment compensation benefits under R.C. 4141.29(D)(2)(a). Irvine v.State, Unemployment Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15,18. The employee must provide evidence his discharge was without just cause by demonstrating he was without fault in the incident resulting in his termination to show he is entitled to unemployment compensation. Id. at 17. If the employee is unhappy with the UCRC's decision concerning his entitlement to unemployment compensation, he may appeal that decision before a common pleas court, which would hear the case upon the record as certified and provided by the UCRC. R.C. 4141.282(H). Only if the court finds the UCRC's decision was "unlawful, unreasonable, or against the manifest weight of the evidence" is it required to reverse, vacate, modify, or remand such decision. Absent such a finding, the reviewing court must affirm the UCRC's decision as it is the UCRC's function to make factual findings and determine the credibility of witnesses in unemployment compensation cases. Id. at 18. If the record reveals evidence to support the UCRC's findings, the reviewing court cannot substitute its own findings of fact for those of the UCRC. Wilson v. Unemployment Comp. Bd.of Rev. (1984), 14 Ohio App.3d 309, paragraph one of the syllabus. Nonetheless, the reviewing court's function involves determining whether the UCRC's decision is supported by evidence in the record. Id.
 {¶ 10} This Court has discussed its duty to review a UCRC decision under the same scope of review:
"R.C. Chapter 4141 does not distinguish between the scope of review of a common pleas court and that of an appellate court with respect to Review Commission decisions. See R.C.4141.282(H)-(I). Additionally, the Supreme Court of Ohio has confirmed that `there is no distinction between the scope of review of common pleas and appellate courts regarding "just cause" determinations under the unemployment compensation law.' See Durgan v. Ohio Bur. of Emp. Servs. (1996),110 Ohio App.3d 545, 551, 674 N.E.2d 1208, citing Tzangas v. Administrator, Ohio Bur. of Emp. Serv. (1995),73 Ohio St.3d 694, 696-97, 1995 Ohio 206,653 N.E.2d 1207.
"Thus, in a review of a decision by the Review Commission regarding eligibility for unemployment compensation benefits, an appellate court is bound by the same limited scope of review as that required of the common pleas courts. Irvine v. State ofOhio, Unemp. Comp. Bd. of Rev. (1985), 19 Ohio St.3d 15, 18,19 Ohio B. 12, 482 N.E.2d 587. Therefore, an appellate court may only reverse an unemployment compensation eligibility decision by the Review Commission if the decision is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas,73 Ohio St.3d at 696. Also, this Court is required to focus on the decision of the Review Commission, rather than that of the common pleas court, in such cases. Barilla v. Ohio Dept. of Job Family Servs., 9th Dist. No. 02CA008012, 2002 Ohio 5425, at ¶ 6, citing Tenny v. Oberlin College (Dec. 27, 2000), 9th Dist. No. 00CA007661, 2000 Ohio App. LEXIS 6169." Upton v. Rapid MailingServs., 9th Dist. No. 21714, 2004-Ohio-966, at ¶¶ 8-9.
In determining whether a UCRC decision is or is not supported by the manifest weight of the evidence, this Court must weigh the evidence and all reasonable inferences and consider, in a limited capacity, the credibility of witnesses to determine whether, in resolving conflicts in the evidence, the finder of fact "clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 11} Turning to the UCRC's decision in the instant case, this Court notes that it found the existence of just cause for appellant's discharge based upon his inability to demonstrate he was not at fault in the accident resulting in his termination. The record from which the UCRC made its decision reveals appellant was involved in an accident while backing his trailer truck onto a highway in Paris, Texas. The record provides that appellant did not do a "walk around" prior to backing his truck and a car hit the truck and became wedged underneath the back of it. The evidence shows the police cited appellant for unsafe backing.
 {¶ 12} Furthermore, the record demonstrates that JB Hunt's company policies include disciplinary guidelines that declare any accidents by employees that are determined to be a "major preventable accident" — the accident results in cost to the company of over $10,000 due to insurance claims — by its safety department may result in termination without any prior warning. It is undisputed that appellant's accident was determined to be a major preventable accident; the claim amount for property damage and personal injury against JB Hunt due to appellant's accident was $15,499 in this case.
 {¶ 13} Appellant acknowledges he knew of and understood JB Hunt's policy concerning "major preventable accidents." Instead, he argues that he was not at fault in the accident because his unsafe backing citation was later dismissed. This Court notes that appellant was required to pay a fine and complete a driver safety course in the Texas case and the court's decision to dismiss the criminal charge against him on those conditions does not negate appellant's negligent driving, for which JB Hunt, being his employer, was ultimately held liable. Appellant did not provide any contrary evidence to the UCRC concerning the accident to demonstrate that he was not at fault and therefore was discharged without just cause.[1]
 {¶ 14} Bearing in mind that appellant has the burden of proof, this Court finds the UCRC's decision that appellant was terminated for just cause by JB Hunt is neither unlawful, unreasonable, or against the manifest weight of the evidence. As a reviewing court, we must defer to the UCRC's credibility assessment and factual determinations in the case. In the absence of evidence that appellant was not at fault in the traffic accident leading to his termination, the evidence provided in the record was sufficient to support the UCRC's finding of just cause for appellant's termination. Appellant's two assignments of error are overruled.
 III. {¶ 15} Accordingly, the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Slaby, J., concur.
[1] Although appellant now argues he demonstrated good cause for his failure to appear at the UCRC determination hearing, he did not raise this argument below and has waived his right to present it before this Court. Roberts v. Hayes, 9th Dist. No. 21550, 2003-Ohio-5903.