DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Steven J. Herring has appealed from the judgment of the Summit County Court of Common Pleas that reversed the ruling of the Unemployment Compensation Review Commission ("Review Commission") which had found that he had been terminated without just cause from his employment with Plaintiff-Appellee Autozone, Inc. This Court reverses.
 I {¶ 2} Defendant-Appellant Steven J. Herring filed a claim for unemployment benefits for the week ending January 24, 2004. Initially, the Director of the Ohio Department of Job and Family Services found that Appellant was discharged by his employer, Autozone, for just cause. Accordingly, Appellant's claim for benefits for the week ending January 24, 2004 was rejected. Appellant then filed an appeal of the initial determination. On March 15, 2004, the Director affirmed the original determination.
 {¶ 3} Appellant appealed the re-determination and the Director transferred jurisdiction to the Review Commission. A hearing was held before a hearing officer on September 17, 2004. The hearing officer reversed the Director's re-determination and found that Appellant was terminated without just cause. On January 13, 2005, Autozone appealed to the Summit County Court of Common Pleas.
 {¶ 4} On July 8, 2005, the trial court issued its final appealable order. The trial court found that the hearing officer failed to consider all the undisputed facts on the record and as a result the hearing officer's decision was arbitrary, unreasonable and against the manifest weight of the evidence. Accordingly, the trial court determined that the Appellant was terminated for just cause and reversed the Review Commission's decision.
 {¶ 5} Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error
"THE TRIAL COURT ERRED IN REVERSING THE DECISION OF THE UNEMPLOYMENT COMPENSATION REVIEW COMMISSION WHERE THAT DECISION WAS NOT UNLAWFUL, UNREASONABLE, OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 6} In his sole assignment of error, Appellant has argued that the trial court erred in reversing the Review Commission's decision because it was supported by competent, credible evidence and therefore was not against the manifest weight of the evidence. Further, Appellant has argued that the trial court violated the standard of review, disregarded its limited function in reviewing the Review Commission's decision, and substituted its own judgment for that of the Review Commission. We agree.
 {¶ 7} We begin with a discussion of the applicable standard of review. This Court "may only reverse an unemployment compensation eligibility decision by the Review Commission if the decision is unlawful, unreasonable, or against the manifest weight of the evidence." (Quotations omitted). Markovich v.Employers Unity, Inc., 9th Dist. No. 21826, 2004-Ohio-4193, at ¶ 10. When an appellate court reviews the common pleas court's review, it applies the same standard. Tzangas, Plakas Mannosv. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696-97. In such cases, this Court is "required to focus on the decision of the Review Commission, rather than that of the common pleas court[.]" Markovich at ¶ 10, citing Barilla v. Ohio Dept. ofJob Family Serv., 9th Dist. No. 02CA008012, 2002-Ohio-5425, at ¶ 6.
 {¶ 8} Under an appellate court's limited scope of review of Review Commission decisions, we cannot make factual findings or determine the credibility of witnesses. Lorain Cty Auditor v.Unemployment Comp. Rev. Comm., 9th Dist. No. 03CA008412,2004-Ohio-5175, at ¶ 8, citing Tzangas, 73 Ohio St.3d at 696. However, we do "have a duty to determine whether the Review Commission's decision is supported by the evidence in the record." Id. If the decision is supported by evidence in the record, this Court cannot substitute its judgment for that of the Review Commission. Id. Furthermore, "`[e]very reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission].'" Upton v. RapidMailing Serv., 9th Dist. No. 21714, 2004-Ohio-966, at ¶ 11, quoting Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19.
 {¶ 9} A party is entitled to unemployment benefits if he or she quits with just cause or is terminated without just cause. R.C. 4141.29(D)(2)(a); Upton at ¶ 13. Traditionally, in the statutory sense, "just cause" has been defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." (Quotations omitted).Irvine v. Unemployment Comp. Bd. of Review (1985),19 Ohio St.3d 15, 17. The determination of whether an employer had just cause to terminate an employee is a factual question primarily within the province of the Review Commission, and one which reviewing courts are precluded from inquiring into during these administrative appeals. Roberts v. Hayes, 9th Dist. No. 21550,2003-Ohio-5903, at ¶ 20, citing Durgan v. Ohio Bur. of Emp.Serv. (1996), 110 Ohio App.3d 545, 551.
 {¶ 10} The hearing officer made the following findings of fact. Appellant was discharged from employment as a direct result of an incident occurring on January 2, 2004. On this date, a regular customer left a large bag of apples and oranges for Autozone employees. The bag was left in the store break room. Lynette Brown, an assistant manager, stated that she was taking the fruit home and placed a majority of the fruit (approximately ten pounds) into another bag. Appellant attempted to reach for a piece of fruit from the bag, whereupon Ms. Brown grabbed Appellant's hand and stabbed it repeatedly with a ballpoint pen. After the altercation, Appellant and Ms. Brown continued to work the remainder of their shift. During this time, the two again exchanged words concerning the altercation.
 {¶ 11} The hearing officer found that while Appellant's actions were imprudent, they in no way justified Ms. Brown's violent response. The hearing officer also found that despite Appellant's talk concerning his utility knife, he never directly threatened Ms. Brown and that his statement regarding using the knife if Ms. Brown attacked him again did not indicate a present intent to commit harm. The hearing officer reasoned that Appellant's justifiable anger towards Ms. Brown due to the attack mitigated the statements made subsequent to the altercation. Furthermore, the hearing officer reasoned that Appellant worked the remainder of his shift without any attempt to retaliate or injure Ms. Brown.
 {¶ 12} We begin our analysis by reiterating that under our standard of review, we are to focus on the Review Commission's decision, not the decision of the trial court. Accordingly, we must first turn our attention to the hearing officer's reasoning and determination that no just cause existed for Appellant's termination by Autozone.
 {¶ 13} While we cannot make our own determination concerning the existence of just cause, we can review the hearing officer's reasoning. In the instant matter, we find that the hearing officer employed improper reasoning as a matter of law in his just cause determination. From the record, it is apparent that the hearing officer based his decision on a standard of comparative fault. The hearing officer stated in his reasoning:
"While [Appellant's] attempt at self-help to obtain a portion of the fruit was imprudent, [Appellant's] actions in no way justified Ms. Brown's response. * * * While the employer concluded that both employees were guilty of misconduct, it is apparent that Ms. Brown's actions were far more egregious than [Appellant's]. The fact that he had been injured by Ms. Brown's unjustified attack somewhat mitigates [Appellant's] statements made following the incident."
It is clear that the hearing officer believed that Appellant was justified in his actions and that while not blameless, Appellant's conduct was far less egregious than Ms. Brown's. This analysis was improper because under the Unemployment Compensation Act, just cause is predicated on the individual employee's fault — not the employee's fault as compared to another employee's fault. See Markovich, at ¶ 7.
 {¶ 14} This court has held that "[t]he determination of what constitutes `just cause' within the context of unemployment compensation * * * involves a concurrent analysis of the legislative purpose of the Unemployment Compensation Act[.]"Roberts at ¶ 17, citing Irvine, 19 Ohio St.3d at 17. The purpose of the Act is to "provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." (Quotations omitted). Irvine, 19 Ohio St.3d at 17. Consistent with the purpose of the Act, "a discharge is considered for just cause where an employee's conduct demonstrates some degree of fault[.]" Markovich at ¶ 8. See also Tzangas, 73 Ohio St.3d at paragraph two of the syllabus (holding that fault on behalf of the employee is an essential component of a just cause termination). Furthermore, we have agreed with other Ohio courts that fault includes behavior that displays a disregard for the best interests of the employer.Markovich at ¶ 8.
 {¶ 15} Ohio precedent is clear on the matter: a just cause determination requires an analysis of the employee's fault in the situation leading to his termination. Nowhere in our precedent or that of the Ohio Supreme Court is it indicated that an employee is unjustly terminated simply because his misconduct is less egregious than another employee's. The standard is just the opposite. The Ohio Supreme Court has clearly explained the standard:
"When an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from theAct's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination." (Emphasis added). Tzangas, 73 Ohio St.3d at 697-698.
 {¶ 16} Nowhere in its decision did the Review Commission find that Appellant was blameless regarding the altercation at Autozone. Instead, the hearing officer based his decision on the reasoning that Appellant's behavior was imprudent and that his misconduct was less egregious than Ms. Brown's. This comparative fault analysis flies in the face of traditional just cause determination and is therefore improper.
 {¶ 17} We repeat we are not making any findings of fact nor making a just cause determination. We are precluded from doing so by the applicable standard of review. We are simply stating that the Review Commission decided that no just cause existed for Appellant's termination based on the comparative fault of the two participants in the altercation when Ohio precedent clearly states that an employee's individual fault is the essential component of a just cause determination. See Markovich at ¶ 9 (holding an "employee must provide evidence his discharge was without just cause by demonstrating he was without fault in the incident resulting in his termination to show he is entitled to unemployment compensation.").
 {¶ 18} With regard to the trial court's reversal of the Review Commission's decision, we find that trial court did overstep its boundaries as a reviewing court.[1] We find that the trial court's conclusions that the hearing officer did not take into account all of the facts and did not consider whether Appellant's conduct was still detrimental to Autozone were presumptuous. Additionally, we agree with Appellant that the trial court improperly made inferences and findings of fact when it decided that Appellant's conduct was indeed detrimental to Autozone. Most importantly, however, we find that the trial court erred when it determined that Appellant was terminated for just cause. As discussed supra, neither this Court, nor the trial court may make a just cause determination on administrative appeal. See Roberts and Durgan, supra.
 {¶ 19} Based on the foregoing, Appellant's sole assignment of error has merit.
 III {¶ 20} The judgment of the trial court is reversed and the cause remanded. The trial court is instructed to remand the matter to the Review Commission for rehearing consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Moore, J., Boyle, J., concur.
[1] We note that the majority of Appellant's brief focused on the trial court's decision. As our standard of review mandates, we must focus on the decision of the Review Commission, not that of the trial court. However, while Appellant has argued strenuously that the trial court improperly relied on unsworn out-of-court statements in its decision, we would remind Appellant that under the Revised Code, hearing officers are not bound by common law or statutory rules of evidence. See R.C.4141.281(C)(2). The Ohio Supreme Court has stated that "evidence which might constitute inadmissible hearsay evidence where stringent rules of evidence are followed must be taken into account in proceedings * * * where relaxed rules of evidence are applied." Simon v. Lake Geauga Printing Co. (1982),69 Ohio St.2d 41, 44.