DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Summit County Fiscal Office ("Fiscal Office") appeals the decision of the Summit County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("UCRC") in favor of Appellee, Ohio Department of Job and Family Services ("ODJFS") and Thomas Wood. We affirm.
 {¶ 2} Wood was employed by the Fiscal Office from January 1978, until he was suspended without pay on October 13, 2005, for "being in a secure area after working hours" in violation of Fiscal Office policy. The Fiscal Office *Page 2 
ordered Wood to meet with a detective from the Summit County Sheriffs Department who was conducting an investigation of the incident. Wood failed to do so. Therefore, following a predisciplinary hearing on October 31, 2005, Wood's leave was converted to unpaid leave commencing November 7, 2005. On December 5, 2005, the Fiscal Office terminated Wood's employment.
 {¶ 3} Wood filed an application for unemployment compensation with ODJFS, which was granted and affirmed. The Fiscal Office sought review of the ODJFS decision by the UCRC, which also affirmed the ODJFS decision, following a hearing, and denied a request for further review.
 {¶ 4} On December 27, 2006, the Fiscal Office filed an administrative appeal with the Summit County Court of Common Pleas. The trial court issued its judgment entry affirming the decision of ODJFS and the UCRC on October 30, 2007. The Fiscal Office timely appealed and raises one assignment of error.
 Assignment of Error "The trial court of Summit County Common Pleas Court, Summit County, Ohio erred in finding that there was substantial and reliable evidence in the record to support the decision of the ODJFS hearing officer."
 {¶ 5} The Fiscal Office argues that Wood was terminated for failing to submit to an interview with the Sheriff's department and, as such, has not met his "burden of proving his * * * entitlement to unemployment compensation benefits under the law." See Irvine v. Unemployment Comp.Bd. of Review (1985), 19 Ohio St.3d 15, 17. Accordingly, the Fiscal Office maintains, the trial court erred *Page 3 
in affirming the decision of the ODJFS, which granted unemployment benefits to Wood. ODJFS asserts that the trial court properly found that Wood was not terminated for misconduct in connection with work and that a disciplinary layoff did not make him ineligible for unemployment compensation.
 {¶ 6} This Court "may only reverse an unemployment compensation eligibility decision by [UCRC] if the decision is unlawful, unreasonable, or against the manifest weight of the evidence."Markovich v. Employers Unity, Inc., 9th Dist. No. 21826, 2004-Ohio-4193, at ¶ 10, citing Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Servs. (1995), 73 Ohio St.3d 694, 696. When we review the trial court's decision, we apply the same standard. Id. In such cases, this Court is "required to focus on the decision of [UCRC], rather than that of the common pleas court[.]" Markovich at ¶ 10, citing Barilla v. Ohio Dept.of Job Family Servs., 9th Dist. No. 02CA008012, 2002-Ohio-5425, at ¶ 6.
 {¶ 7} As we noted in Ro-Mai Industries, Inc. v. Weinberg, 9th Dist. No. 23792, 2008-Ohio-301, "[e]very reasonable presumption must be made in favor of the [decision] and the findings of facts [of the UCRC]." Id. at ¶ 7, quoting Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. See, also, Long v. Hurles (1996), 113 Ohio App.3d 228, 233 (noting that an appellate court must begin by presuming that the trial court's findings of fact are correct). "[I]f the evidence is susceptible of more than one construction, we must give it that interpretation *Page 4 
which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Karches,38 Ohio St.3d at 19.
 {¶ 8} As we stated in Ro-Mai:
 "The resolution of factual questions is chiefly within the UCRC's scope of review. Tzangas, 73 Ohio St.3d at 696; Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17. The courts' role is to determine whether the decision of the UCRC is supported by evidence in the certified record. Durgan v. Ohio Bur. of Emp. Servs. (1996), 110 Ohio App.3d 545, 551, citing Tzangas, 73 Ohio St.3d at 696; Irvine, 19 Ohio St.3d at 18; citing Kilgore v. Bd. of Rev.
(1965), 2 Ohio App.2d 69, 71. If the reviewing court finds that such support is found, then the court cannot substitute its judgment for that of the UCRC. Durgan, 110 Ohio App.3d at 551, citing Wilson v. Unemp. Comp. Bd. of Rev. (1984), 14 Ohio App.3d 309, 310. `The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the [UCRC's] decision.' Irvine, 19 Ohio St.3d at 18, citing Craig v. Bur. of Unemp. Comp. (1948), 83 Ohio App. 247, 260." (Internal citations omitted). Ro-Mai at ¶ 8.
 {¶ 9} "A party is entitled to unemployment benefits if he or she quits with just cause or is terminated without just cause." Ro-Mai at ¶ 9, citing R.C. 4141.29(D)(2)(a); Upton v. Rapid Mail Serv. 9th Dist. No. 21714, 2004-Ohio-966, at ¶ 13. "Traditionally, just cause, in the statutory sense, is that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."Irvine, 19 Ohio St.3d at 17. "The determination of whether an employer had just cause to terminate an employee is a factual question primarily within the province of UCRC, and one which reviewing courts are precluded from inquiring into during these administrative appeals."Ro-Mai at ¶ 9, citing Roberts *Page 5 v. Hayes, 9th Dist. No. 21550, 2003-Ohio-5903, at ¶ 20, citingDurgan, 110 Ohio App.3d at 551.
 {¶ 10} A hearing was held before the UCRC on September 28, 2006. Wood was present, represented by counsel, as was the Chief Deputy Fiscal Officer for Summit County, who is also an attorney. As a result of the evidence presented at the hearing, the UCRC issued its decision to the parties on October 13, 2006. The UCRC decision noted the facts that led to Wood's suspension and that the "deputy in charge of the investigation desired to interview" Wood. The UCRC decision then found that Wood declined to be immediately interviewed "without the presence of legal counsel, considering the potential for criminal prosecution." The UCRC found that Wood's attorney was unavailable "for a substantial period of time due to prior trial commitments" so that no interview could be scheduled. The UCRC finally found that Wood's leave had been converted to unpaid leave and that Wood was ultimately terminated because he failed to participate in this interview, neither of which establishes "misconduct in connection with work" so as to make Wood ineligible for unemployment compensation benefits.
 {¶ 11} Based upon our review of the record, the facts as stated by UCRC are supported by the evidence in the record and we do not find UCRC's determination that Wood was eligible for unemployment compensation because he was not fired for just cause to be unlawful, unreasonable, or against the manifest weight of the evidence. Based upon our standard of review, we can only review *Page 6 
the hearing officer's reasoning in making his determination that Wood was not terminated for just cause and we find that reasoning to be sound. The record clearly establishes that Wood was terminated because he did not make himself available for an investigatory interview during a three week period between his initial suspension and his termination and that his failure to do so was because his attorney was unavailable. As such, his termination was not due to misconduct related to work.
 {¶ 12} The Fiscal Office's assignment of error is overruled.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 7 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 WHITMORE, J., DICKINSON, J., CONCUR *Page 1