[Cite as *Marano v. Duramax Marine L.L.C.*, 2011-Ohio-6147.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN MARANO, | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant, | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 2011CA00081 |
| DURAMAX MARINE, L.L.C., et al., | : | |
| | : | |
| | : | |
| Defendants-Appellees. | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Case No. 2010CV04446


JUDGMENT:                       AFFIRMED


DATE OF JUDGMENT ENTRY:         November 21, 2011


APPEARANCES:

For Appellant:                          For Appellees:

DAVID A. VAN GAASBEEK                    WM. MICHAEL HANNA
1303 W. Maple St.                        KATHLEEN M. PORTMAN
Suite 104                                127 Public Square
North Canton, OH 44720                   4900 Key Tower
                                         Cleveland, OH 44114

                                         SUSAN SHEFFIELD
                                         Assistant Attorney General
                                         20 W. Federal St., 3rd Floor
                                         Youngstown, OH 44503

*Delaney, J.*

{¶ 1}  Plaintiff-Appellant John Marano appeals the April 1, 2011 judgment entry of the Stark County Court of Common Pleas affirming the decision of the Ohio Department of Job and Family Services which found Appellant was terminated from his employment for just cause and was not eligible for unemployment benefits.

## STATEMENT OF THE FACTS AND CASE

{¶ 2}  Appellant was hired by Defendant-Appellee Duramax Marine, L.L.C. on March 5, 2001 as a Facilities Engineer and Manager, a salaried position.  Duramax provided all employees with an employee handbook.  Appellant received and signed a declaration acknowledging he read and understood the provisions in the handbook.

{¶ 3}  Section II.11 of the employee handbook regulates the use of company property.  It states in pertinent part:

{¶ 4}  "Telephones, voice mail, fax machines, computer software, E-mail, and other related systems are available for use by company employees solely for job-related purposes unless your Manager specifically gives approval.  All of these resources and the information contained in them are property of the company.  The company reserves the right to monitor, retrieve, recreate, and review any information contained in them.  Consequently[,] any employee using these resources understands that they have no expectation or right to privacy in their information.  Use of these systems constitutes consent to monitoring for these purposes.  Any employee who improperly uses these resources is subject to discipline up to and including termination of employment."

{¶ 5}  Prior to October 2009, Duramax had no specific policy as to internet access through computer workstations.  Two employees were disciplined for

downloading music and visiting a gaming website that contained viruses. The employees were reprimanded and a letter placed in their personnel file.

{¶ 6} Due to these infractions, in October 2009 Duramax installed a proxy server on its computer network system to reduce excessive bandwidth usage and to prevent anyone from going to destructive websites. Duramax sent its employees, including Appellant, notification of the company's use of the proxy server. The notification stated, "all desktop users will be blocked from websites that have been deemed to be infected and websites that fit the category called destructive. This category includes criminal activity, hacking, illegal drugs, intolerant and hate sites, phishing and fraud, tasteless and offensive, terrorism, violence, weapons, spam, porn, peer to peer, spyware, gambling, and others like these."

{¶ 7} Shortly after the proxy server was installed, the IT Manager received an alert that an employee was continuously trying to access websites containing pornography. An investigation determined it was Appellant's computer station. The IT Manager downloaded Appellant's internet history and found multiple instances of pornography websites accessed during work hours. The IT Manager discovered numerous pornographic pictures downloaded onto Appellant's computer.

{¶ 8} After the proxy server was installed, the IT Manager did not observe further violations of the internet policy with the exception of Appellant's computer usage.

{¶ 9} On October 23, 2009, the HR Director approached Appellant about the misuse of the company computer. The HR Director presented Appellant with pornographic images found on Appellant's computer. Appellant admitted he recognized a picture and accessed pornography on the company computer. Appellant's computer

was password protected and Appellant did not allege misuse of his password or that he had given another employee his password.  Based on Appellant's inappropriate use of his computer to access pornographic websites during work hours, Duramax terminated Appellant's employment pursuant to Section II.11 of the employee handbook.

{¶ 10} Appellant filed an Application for Determination of Benefit Rights on October 27, 2009.  Defendant-Appellee, the Ohio Department of Job and Family Services issued an initial determination disallowing unemployment benefits on December 3, 2009.  Appellant filed an untimely appeal and after subsequent appeals on the issue of timeliness, the Unemployment Compensation Review Commission heard the appeal of the denial of benefits on October 26, 2010.

{¶ 11} The Hearing Officer affirmed the initial determination of December 3, 2009 to find that Duramax terminated Appellant's employment for just cause in connection with work; therefore, Appellant was not eligible for unemployment benefits.  Appellant appealed the decision to the Stark County Court of Common Pleas.

{¶ 12} On March 14, 2011, the trial court entered a judgment entry affirming the decision of the Unemployment Compensation Review Commission.  The trial court issued a judgment entry on April 1, 2011 in accordance with Local Rule 18.01(A) affirming the decision of the Unemployment Compensation Review Commission.  It is from this decision Appellant now appeals.

{¶ 13} Appellant raises one Assignment of Error:

{¶ 14} "THE COMMON PLEAS COURT ERRED AND ITS DECISION SHOULD BE REVERSED BECAUSE THE REASONING OF THE DECISION IS

UNREASONABLE, UNLAWFUL, AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## STANDARD OF REVIEW

{¶ 15} An appellate court's standard of review in unemployment compensation cases is limited.  An appellate court may reverse a board's decision only if the decision is unlawful, unreasonable, or against the manifest weight of the evidence.  See, *Tzangas, Plakas & Mannos v. Administrator, Ohio Bureau of Employment Services,* 73 Ohio St.3d 694, 696, 1995-Ohio-206, 653 N.E.2d 1207, citing *Irvine v. Unemp. Comp. Bd. Of Review* (1985), 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587.  An appellate court may not make factual findings or determine the credibility of the witnesses, but rather, is required to make a determination as to whether the board's decision is supported by evidence on the record.  Id.  The hearing officer is in the best position to judge the credibility of the witnesses as the fact finder.  *Shaffer-Goggin v. Unemployment Compensation Review Commission,* Richland App. No. 03-CA-2, 2003-Ohio-6907, citing, *Hall v. American Brake Shoe Co.* (1968), 13 Ohio St.2d 11, 233 N.E.2d 582; *Brown-Brockmeyer Co. v. Roach,* (1947), 148 Ohio St. 511, 76 N.E.2d 79.

{¶ 16} A reviewing court is not permitted to make factual findings, determine the credibility of witnesses, or substitute its judgment for that of the commission; where the commission might reasonably decide either way, the courts have no authority to upset the commission's decision.  *Irvine*, supra at 17–18.  " 'Every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the Review Commission].' " *Ro–Mai Industries, Inc. v. Weinberg,* 176 Ohio App.3d 151, 2008-Ohio-

301, 891 N.E.2d 348 at ¶ 7, quoting *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350.

I.

{¶ 17} In order to qualify for unemployment compensation benefits, a claimant must satisfy the criteria set forth in R.C. 4141.29(D)(2)(a).  That section provides:

{¶ 18} "* * *

{¶ 19} "(D)* * * [N]o individual may * * * be paid benefits * * *:

{¶ 20} "(2) For the duration of the individual's unemployment if the director finds that:

{¶ 21} "(a) The individual quit his work without just cause or has been discharged for just cause in connection with the individual's work, * * *."

{¶ 22} The Ohio Supreme Court has defined "just cause" as that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act. *Irvine,* supra at 17; *Tzangas*, supra at 697.  The determination of whether just cause exists for an employee's dismissal under R.C. 4141.29 is based upon whether there was some fault on the part of the employee that led to the dismissal.  *Tzangas,* supra at paragraph two of the syllabus.  Furthermore, where an employee demonstrates "'unreasonable disregard for [the] employer's best interests,' "just cause for the employee's termination is said to exist."  *Kiikka v. Ohio Bur. of Emp. Servs.* (1985), 21 Ohio App.3d 168, 169, 486 N.E.2d 1233, quoting *Stephens v. Bd. of Rev.,* Cuyahoga App. No. 41369, 1980 WL 355009.  See, also, *Binger v. Whirlpool Corp.* (1996), 110 Ohio App.3d 583, 590, 674 N.E.2d 1232.

{¶ 23} Appellant argues Duramax was without just cause to discharge him from his employment because he was not the only employee to engage in inappropriate usage of the company's internet. Appellant refers to the two employees who downloaded computer viruses to the company's computer network, but Duramax did not dismiss the employees. Appellant states that his actions in viewing pornographic websites during work hours cannot demonstrate "an unreasonable disregard for the employer's best interests" when Duramax failed to dismiss the other employees for their inappropriate internet usage.

{¶ 24} Appellant's argument raises the issue of fault, an essential component of a just cause termination for purposes of unemployment compensation eligibility. *Tzangas,* supra. "The [Unemployment Compensation] Act exists 'to enable unfortunate employees, who become and remain involuntarily unemployed by adverse business and industrial conditions, to subsist on a reasonably decent level and is in keeping with the humanitarian and enlightened concepts of this modern day.' *Irvine* at 17, 19 OBR at 14, 482 N.E.2d at 589, citing *Leach v. Republic Steel Corp.* (1964), 176 Ohio St. 221, 223, 27 O.O.2d 122, 123, 199 N.E.2d 3, 5. 'The [A]ct was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own.' *Irvine* at 17, 19 OBR at 14, 482 N.E.2d at 589, citing *Salzl v. Gibson Greeting Cards* (1980), 61 Ohio St.2d 35, 39, 15 O.O.3d 49, 52, 399 N.E.2d 76, 79." Id. "The [Unemployment Compensation] Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. When an employee is at fault, he is no longer the victim of fortune's whims, but instead directly responsible for

his own predicament. Fault on the employee's part separates him from the Act's intent and the Act's protection." Id.

{¶ 25} "A just cause determination requires an analysis of the employee's fault in the situation leading for his termination." *Autozone, Inc. v. Herring*, Summit App. No. 22824, 2006-Ohio-1039. Appellant argues that in this case, he could not have been at fault when other employees inappropriately used the company's internet and their actions did not result in termination. The Act does not utilize a comparative fault analysis in determining just cause. "Under the Unemployment Compensation Act, just cause is predicated on the individual employee's fault – not the employee's fault as compared to another employee's fault." Id. "Nowhere in our precedent or that of the Ohio Supreme Court is it indicated that an employee is unjustly terminated simply because his conduct is less egregious than another employee's." Id.

{¶ 26} Accordingly, the Unemployment Compensation Board of Review and the reviewing courts must only consider Appellant's fault in the situation leading to his termination to determine whether Duramax had just cause for Appellant's termination. The Hearing Commissioner cannot engage in a comparison of other employees' behaviors to determine if Appellant was at fault.

{¶ 27} Appellant next argues the evidence presented by Duramax at the administrative hearing was insufficient to substantiate its claims that Appellant viewed multiple pornographic website. Duramax's HR Director testified at the administrative hearing as to the pornographic websites allegedly visited by Appellant, but did not provide any documentary evidence of those websites. Appellant states that without the documentary evidence, Duramax could not show just cause.

{¶ 28} Appellant has the burden of proving his entitlement to unemployment compensation benefits. *Irvine*, supra, at 17. To show he is entitled to unemployment compensation, the employee must provide evidence that his discharge was without just cause by demonstrating he was without fault in the incident resulting in his termination. *Westphal v. Cracker Barrell Old Country Store, Inc.*, Lorain App. No. 09CA009602, 2010-Ohio-190, ¶12.

{¶ 29} The Ohio Revised Code establishes the evidentiary requirements at Unemployment Compensation Review Commission hearings. R.C 4141.281(C)(2) states in pertinent part:

{¶ 30} "The principles of due process in administrative hearings shall be applied to all hearings conducted under the authority of the commission. In conducting hearings, all hearing officers shall control the conduct of the hearing, exclude irrelevant or cumulative evidence, and give weight to the kind of evidence on which reasonably prudent persons are accustomed to rely in the conduct of serious affairs. Hearing officers have an affirmative duty to question parties and witnesses in order to ascertain the relevant facts and to fully and fairly develop the record. Hearing officers are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure. No person shall impose upon the claimant or the employer any burden of proof as is required in a court of law."

{¶ 31} The Ohio Administrative Code also regulates hearings before the Unemployment Compensation Review Commission. O.A.C. 4146-7-02 states:

{¶ 32} "(C) Rights of parties

{¶ 33} "The review commission or hearing officer conducting a proceeding may examine the interested parties and other witnesses, and each interested party and the interested party's representative shall have all rights of fair hearing, including:

{¶ 34} "(1) The right of examination and cross-examination of witnesses,

{¶ 35} "(2) The right to present testimony and other evidence,

{¶ 36} "(3) The right to inspect and examine documents, files, reports and records received in evidence,

{¶ 37} "(4) The right to present testimony and other evidence in explanation and rebuttal,

{¶ 38} "(5) The right to subpoenas for witnesses and documentary evidence and the right to present argument."

{¶ 39} Finally, the Hearing Officer is the ultimate fact finder in an unemployment compensation review hearing and a reviewing court may not substitute its own findings of fact. It is the Hearing Officer's duty to determine the credibility of the witnesses. In this case, the Hearing Officer found Duramax to be more credible than Appellant. The Hearing Officer determined Appellant was at fault "for visiting inappropriate internet websites using his company computer on company time. * * * [Appellant's] actions were not those an employer could reasonably expect from an employee." (Unemployment Compensation Review Commission Decision, Nov. 10, 2010).

{¶ 40} Our review of the transcript shows the Hearing Officer's decision was lawful, reasonable, and supported by sufficient and credible evidence. After Duramax installed the proxy server, it sent notices to its employees that websites containing pornography were considered destructive and would be blocked. Duramax's HR

Director testified they discovered Appellant viewed numerous pornographic websites during working hours. Appellant admitted that he viewed pornographic websites on the company computer during working hours. The employee handbook states that an employee who improperly uses the company computer is subject to discipline up to and including termination of employment.

{¶ 41} Appellant's sole Assignment of Error is overruled.

The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Hoffman, P.J., and Wise, J., concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

[Cite as *Marano v. Duramax Marine L.L.C.*, 2011-Ohio-6147.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN MARANO, | : | |
| | : | |
| | : | |
| Plaintiff-Appellan,t | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DURAMAX MARINE, L.L.C., et al., | : | |
| | : | |
| | : | Case No. 2011CA000081 |
| Defendants-Appellees. | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

 

HON. PATRICIA A. DELANEY

 

HON. WILLIAM B. HOFFMAN

 

HON. JOHN W. WISE