[Cite as *Lafayette Twp. v. Sheppard*, 2011-Ohio-6199.]

STATE OF OHIO           )          IN THE COURT OF APPEALS
                        )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA        )

LAFAYETTE TOWNSHIP                  C.A. No.        10CA0124-M

        Appellant

        v.                         APPEAL FROM JUDGMENT
                                   ENTERED IN THE
JAMES E. SHEPPARD, et al.          COURT OF COMMON PLEAS
                                   COUNTY OF MEDINA, OHIO
        Appellees                  CASE No.     10CIV0690

DECISION AND JOURNAL ENTRY

Dated: December 5, 2011

MOORE, Judge.

{¶1}    Appellant, Lafayette Township, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2}    James E. Sheppard, appellee, was employed for nearly thirty years as Lafayette Township's fire chief. When Lafayette decided to eliminate the full-time fire chief position, Sheppard entered into a one-year employment agreement with Lafayette where he agreed to retire from his fire chief position and serve as Lafayette's "project coordinator." The agreement began on August 1, 2008, and ended on July 31, 2009.

{¶3}    On August 6, 2009, at the end of the one-year term, Sheppard filed an application for unemployment benefits. The Ohio Department of Job & Family Services issued an initial determination that Sheppard was entitled to benefits on the ground that he was unemployed due to a lack of work. Lafayette timely appealed, and upon redetermination, the initial determination

was affirmed on October 1, 2009. Lafayette filed a timely appeal on October 21, 2009, and the case was transferred to the Unemployment Compensation Review Commission ("UCRC") for a hearing.

{¶4} On March 2, 2010, a hearing was held. On that same date, the hearing officer affirmed the redetermination finding that Sheppard was separated due to a lack of work and was entitled to unemployment compensation benefits. Lafayette filed a request for review to the UCRC on March 19, 2010. The request was disallowed on March 31, 2010. Lafayette filed an appeal to the Medina County Court of Common Pleas on April 15, 2010. On October 22, 2010, the common pleas court issued a decision denying Lafayette's appeal and affirming the decision of the UCRC.

{¶5} Lafayette timely filed a notice of appeal and raises two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

"THE COMMON PLEAS COURT ERRED IN AFFIRMING THE AWARD OF UNEMPLOYMENT COMPENSATION BENEFITS TO [SHEPPARD] FOR 'LACK OF WORK,' WHERE [SHEPPARD] FAILED TO ESTABLISH 'JUST CAUSE' FOR HIS RESIGNATION FROM HIS POSITION AS PROJECT COORDINATOR, AND WHERE A FINDING OF 'LACK OF WORK' IS UNSUPPORTED BY COMPETENT, CREDIBLE EVIDENCE."

{¶6} In its first assignment of error, Lafayette argues that the trial court erred in affirming the decision of the Unemployment Compensation Review Commission because the finding of "lack of work" was unsupported by competent, credible evidence. We do not agree.

{¶7} The scope of our review in unemployment-compensation appeals is quite limited. "An appellate court may reverse the Unemployment Compensation Board of Review's 'just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the

evidence." *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Serv.* (1995), 73 Ohio St.3d 694, paragraph one of the syllabus. This court cannot make factual findings or determine witness credibility but we are required "to determine whether the board's decision is supported by the evidence in the record." Id. at 696. "[T]his Court is required to focus on the decision of the Review Commission, rather than that of the common pleas court[.]" (Citations omitted.) *Upton v. Rapid Mailing Servs.*, 9th Dist. No. 21714, 2004-Ohio-966, at ¶9. In determining whether a UCRC decision is or is not supported by the manifest weight of the evidence, this Court applies the civil manifest weight of the evidence standard set forth in *C.E. Morris Co. v. Foley Const. Co.* (1978), 54 Ohio St.2d 279, syllabus, which holds: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."

{¶8} R.C. 4141.29 establishes the criteria for unemployment compensation benefits. Benefits are compensation for a "loss of remuneration due to involuntary total or partial unemployment[.]" Id. An employee meets the definition of total unemployment for a given week if he or she performs no services and is due no payment. R.C. 4141.01(M). An employee may not be eligible for benefits under certain circumstances, including "if the employee has quit without just cause, or if the employer discharged the employee for just cause in connection with the employee's work." *Lorain Cty. Aud. v. Ohio Unemp. Rev. Comm.* (2007), 113 Ohio St.3d 124, at ¶15, citing R.C. 4141.29(D)(2)(a).

{¶9} The Ohio Supreme Court has held "that satisfaction of an intermittent-employment contract does not create voluntary unemployment or a discharge sufficient to render an employee ineligible for unemployment benefits." *Lorain Cty. Aud.* at ¶1. Acceptance of employment with an agreed upon termination date does not waive an employee's right to

unemployment benefits. Id. at ¶30. "More specifically, the employee has not agreed to become voluntarily unemployed or to be discharged with just cause, unless an explicit exception is applicable." Id.

{¶10} Lafayette argues that the decision of the UCRC is not supported by competent, credible evidence because Sheppard "did not quit for 'lack of work.'" Instead, it contends that Sheppard "voluntarily resigned from his position[.]" At the hearing before the UCRC, Sheppard testified that he was involuntarily rendered unemployed when his one-year contract expired and Lafayette eliminated his position. Conversely, Linda Bowers testified on behalf of Lafayette and averred that Sheppard had "voluntarily quit" the position. The UCRC concluded that Sheppard was unemployed due to a lack of work and was entitled to unemployment benefits.

{¶11} Lafayette's argument is essentially a question of credibility since the testimony of Sheppard was in direct contradiction to Bowers' testimony. Lafayette challenges the fact that the hearing officer found Sheppard's testimony more credible than its own witness. However, under our scope of review, we must defer to the findings of the UCRC with respect to purely factual issues that concern the credibility of witnesses and the weight of conflicting evidence. *Tzangas*, 73 Ohio St.3d at 694; *Irvine v. Unemp. Comp. Bd. of Review* (1985), 19 Ohio St.3d 15, 17-18. The UCRC's decision cannot be reversed simply because reasonable minds might reach different conclusions. *Tzangas*, 73 Ohio St.3d at 697. Because the UCRC's decision is supported by competent, credible evidence, particularly the testimony of Sheppard, the first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"THE COMMON PLEAS COURT ERRED, TO THE PREJUDICE OF [LAFAYETTE] TOWNSHIP, IN EXPRESSLY CONSIDERING NEW TESTIMONY SUBMITTED TO THE COURT IN [SHEPPARD]'S PRO SE MERIT BRIEF."

**{¶12}** In its second assignment of error, Lafayette argues that the trial court erred when it considered testimony submitted in Sheppard's pro se merit brief. We do not agree.

**{¶13}** Assuming without deciding that the trial court erred in considering testimony submitted to the court in Sheppard's brief, our focus is not on the trial court's decision. Instead, this Court is "required to focus on the decision of the Review Commission, rather than that of the common pleas court[.]" *Markovich v. Emps. Unity, Inc.*, 9th Dist. No. 21826, 2004-Ohio-4193, at ¶10, citing *Barilla v. Ohio Dept. of Job & Family Servs.*, 9th Dist. No. 02CA008012, 2002-Ohio-5425, at ¶6. Furthermore, Lafayette failed to object to any alleged "new testimony" submitted to the trial court. The "failure to timely advise a trial court of possible error, by objection or otherwise, results in a [forfeiture] of the issue for purposes of appeal." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 121. Lafayette's second assignment of error is overruled.

III.

**{¶14}** Lafayette's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

DEAN HOLMAN, Prosecuting Attorney, CAROL SHOCKLEY and BRIAN RICHTER, Assistant Prosecuting Attorneys, for Appellant.

MIKE DEWINE, Ohio Attorney General, and LORI WEISMAN, Assistant Attorney General, for Appellee.